**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ANGELIA SMITH and KEVIN SMITH,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL CASE NO. 3:18-CV-1383-M-BK** |
| | § | |
| **PONNACHAN OONNOONNI,** | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred to the United States Magistrate Judge for judicial screening. The Court granted Plaintiffs' motion to proceed *in forma pauperis*, but did not issue process. Upon review of the relevant pleadings and applicable law, this case should be summarily **DISMISSED** without prejudice for lack of jurisdiction.

## I. BACKGROUND

On May 31, 2018, Plaintiffs filed a *pro se Original Petition* against their former landlord, Defendant Ponnachan Oonnoonni. Doc. 2 at 1. Plaintiffs allege that they were injured after slipping and falling due to a plumbing leak under the kitchen sink of the property they leased. Doc. 2 at 1-2. They claim that, although they notified Defendant that repairs were needed, he refused to make them and, thus, was negligent in failing to fix the leak that resulted in their falls. Doc. 2 at 3. They also assert claims of wrongful eviction, breach of contract, retaliation, and violations of the Texas Property Code, Doc. 2 at 4-6, and they seek monetary relief, Doc. 2 at 7.

## II.    ANALYSIS

Before screening an *in forma pauperis* complaint under 28 U.S.C. § 1915(e), the Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Unless otherwise provided by statute, a federal district court has subject matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case where there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332.  "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'"  *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

The Court liberally construes Plaintiffs' complaint with all possible deference due *pro se* litigants.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even under this most liberal construction, however, Plaintiffs have not alleged facts that could be construed to establish federal question or diversity jurisdiction.

First, their *Original Petition* plainly fails to present a federal cause of action, alleging only state tort, contract, and property claims.  Moreover, as Texas residents, Plaintiffs share the same state of citizenship as the Defendant named in the *Original Petition*.  Doc. 2 at 1.  *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (district court cannot

exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted).  Finally, since the *Original Petition* does not present a sufficient basis for federal question or diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over Plaintiffs' state law claims.  *See* 28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

### III.    LEAVE TO AMEND

Ordinarily, *pro se p*laintiffs should be granted leave to amend their complaint prior to dismissal, but leave is not required when they have already pled their "best case."  *Brewster v. Dretke,* 587 F.3d 764, 767–68 (5th Cir. 2009).  Here, the facts as alleged by Plaintiffs clearly demonstrate a lack of subject matter jurisdiction in this Court.  Thus, granting leave to amend would be futile and cause needless delay.

### IV.    CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.  *See* FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on June 21, 2018.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

Page **3** of **4**

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE